U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2024 SEP -6 PM 2:35
CLERK
BY [signature] DEPUTY CLERK

UNITED STATES FEDERAL COURT for the
DISTRICT of VERMONT

JOHNATHAN J. BILLEWICZ and
LILLIAN E. BILLEWICZ,

Docket No. 2:24-cv-905

Plaintiffs

v.

TOWN OF FAIR HAVEN, VERMONT,
JOSEPH GUNTER, TOWN MANAGER, and
WILLIAM T. HUMPHRIES, CHIEF OF POLICE,
official and individual capacity,

Defendants

# COMPLAINT

NOW COME the Plaintiffs, Johnathan J. Billewicz, Pro -se and Lillian E. Billewicz, Pro - se and hereby file this Complaint and state as follows:

1. Johnathan J. Billewicz is an individual over the age of 18 and resides at 6 Washington Street, Apt 4, in the Town of Fair Haven, Vermont, County of Rutland and State of Vermont.
2. Lillian E. Billewicz is an individual over the age of 18 and resides at 6 Washington Street, Apt 4, in the Town of Fair Haven, Vermont, County of Rutland and State of Vermont.
3. The Town of Fair Haven is a legal municipality in the State of Vermont.
4. Joseph Gunter is the Town Manager for the Town of Fair Haven, Vermont.
5. William T. Humphries is the Chief of Police for the Town of Fair Haven, Vermont.

6. This Court has jurisdiction of this matter because the incident happened in Fair Haven, Vermont, and involves violations of our Constitutional Civil Rights, particularly the 4th Amendment and the 14th Amendment. 28 U.S.C. 1334 and 42 U.S.C. 1983.

7. In July, 2024, Chief William T. Humphries, in official Town of Fair Haven, Vermont police uniform, drove and parked an official Town of Fair Haven, police vehicle outside our residence at 6 Washington Street, Fair Haven, Vermont.

8. In July, 2024, Chief William T. Humphries, in official Town of Fair Haven, Vermont police uniform, proceeded up our private walkway to our door and banged on our door.

9. Plaintiff, Lillian E. Billewicz, answered the door and Police Chief Humphries handed her a hand written, sealed envelope and he stated, "Service of Civil Process." (Attached as Exhibit A)

10. Plaintiff, Johnathan J. Billewicz, was home at the time of Police Chief Humphries coming to our private residence and banging on our door.

11. The content of the envelope was a photocopy of a handwritten letter from Plaintiffs' landlord regarding our tenancy at our residence and THERE WERE NO OFFICIAL COURT DOCUMENTS, JUDGE'S ORDERS or ANY OFFICIAL, GOVERNMENTAL COURT INVOLVEMENT in the envelope. (Attached as Exhibit B).

12. The actions of Fair Haven Police Chief William T. Humphries violated the Plaintiffs' Constitutional Rights under the 4th Amendment, 14th Amendment by unwarranted intrusion and interference with Plaintiffs' reasonable expectation of the right to privacy and solitude within our home and property.
13. Police Chief William T. Humphries' acted outside the Fair Haven Police Department rules, policies and regulations while in official uniform and thus should be individually responsible for his actions.
14. Fair Haven Police Chief William T. Humphries while dressed in official Fair Haven Police uniform and while using a Fair Haven Police official vehicle, acted "under color of law" in violation of Title 18 U.S.C. Section 242.
15. This Section of the Code clearly states it is a criminal violation for a police officer to act "under color of law", abuse his authority and engage in unlawful conduct which violates a person's Constitutional Rights. Chief Humprhies has committed a Federal crime.
16. The Town of Fair Haven should be liable and legally responsible for a rogue employee who violated Federal Law, 18 U.S.C. Section 242 and Fair Haven Police policies while dressed in an official Fair Haven Police Uniform and was believed to be "on the clock" when such rogue conduct occurred.
17. Police Chief William T. Humphries' actions were intentional, reckless and a conscious disregard for the Constitutional Rights of the Plaintiffs and therefore

warrants the imposition of exemplary and punitive damages in an amount adequate to deter such future misconduct.

18. On or about July 23, 2024 at the Town of Fair Haven Selectboard Meeting, Town Manager Joseph Gunter said to Plaintiffs, "Hey, I hear you're getting evicted." then said, "Oh, never mind."

19. Upon information and belief, Plaintiffs have reasonable belief that Police Chief William Humphries informed Fair Haven Town Manager Mr. Gunter of the upcoming delivery of "civil process" to our private residence and thus involved the government in a civil matter in violation of our Civil Rights to privacy under the 4th and 14th Amendment.

20. Defendant Joseph Gunter had either actual or constructive knowledge of the intent of Defendant Police Chief William T. Humphries to deliver "civil process" to the Plaintiffs and acted with deliberate indifference to the foreseeable consequences of such act.

21. Police Chief William T. Humphries has a law enforcement career of more than 27 years and knew or should have known government officials are not to interfere with civil matters unless there is Court involvement.

22. Police Chief William T. Humphries has a long standing history of not adhering to the law, policies and procedures.

23. Police Chief William T. Humphries is on the Brady Letter list in Vermont after an

investigation by former Rutland County District Attorney Rose Kennedy indicating there were questions of inaccuracies in the reporting of civil traffic violations in 2018. Chief Humphries' explanation lead to questions of his credibility and landed him on the Brady List.

24. As a result of Chief Humphries' credibility issues, the Town of Fair Haven was removed from the Vermont Governor's Highway Grant Program and placed on probation for 6 months in 2019.

25. Police Chief William T. Humphries was charged with providing alcohol to a minor in 2004 in Granville, New York and ultimately pled guilty to a disorderly conduct charge in 2005.

26. Plaintiffs incorporate the above paragraphs and state the Defendants' acts were tortious in that the Defendants' breached their duty of care to the Plaintiffs. The Defendant Town Manager was negligent because it did not supervise the Police Chief and ensure the police abided by appropriate standards and policies such as not to violate the Plaintiffs' Constitutional Rights. Police Chief Humphries was also negligent by not following the duty of care to Plaintiffs' and violated Plaintiffs' Constitutional Rights.

26. As a direct and proximate result of Fair Haven Police Chief William T. Humprhies' actions and the actions of the Town of fair Haven and Town Manager Joseph Gunter, Plaintiffs have suffered public embarrassment, anxiety, apprehension

and flashbacks when friends come to visit and there is a knock on the door, harassment and other non - economic damages.

WHEREFORE, Plaintiffs respectfully request this Honorable Court award:

A) Damages in an amount over the jurisdictional minimum;

B) Punitive damages against William T. Humphries in his individual capacity;

C) Interest and costs;

D) Plaintiffs demand a trial by jury and

E) Any and all other relief deemed equitable and just by this Honorable Court.

Respectfully submitted,

Dated: 8/13/24

8/13/2024

Johnathan J. Billewicz
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743

Lillian E. Billewicz
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743
1 - 802 - 683 - 1709
later1111@comcast.net